UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AMY HANSEN,

Plaintiff,

v.

ROSS DRESS FOR LESS, INC.,

Defendant.

Case No. 25-cv-09518-RS

**ORDER TRANSFERRING CASE**

Plaintiff Amy Hansen alleges she was employed as a cashier by defendant Ross Dress for Less, Inc., at a store owned and operated by Ross in Boise, Idaho. Hansen contends she was discriminated against and wrongfully terminated shortly after she disclosed to her manager that she had certain mental health disabilities. Hansen argues venue is appropriate in this district because Ross is headquartered here and the decision to terminate her was made here. Ross moves to dismiss pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue or, alternatively, for transfer for convenience under 28 U.S.C. § 1404(a) to the Southern Division of the United States District Court for the District of Idaho. Pursuant to Civil Local Rule 7-1(b), the motion has been submitted without oral argument.

There can be no legitimate dispute that in the absence of an arbitration agreement with a forum selection clause, venue in this district would be proper, regardless of where the operative facts were centered. *See* 28 U.S.C. § 1391(b)(1) (a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the

district is located."). Ross does not dispute that it "resides" in this district for venue purposes, and there are no other defendants.

Ross's residence in this district or other considerations that might ordinarily be relevant to the propriety of venue here or to a "convenience" analysis under § 1404(a), however, are not dispositive. Ross has shown, and Hansen does not dispute, that her employment contract included a "Dispute Resolution Agreement," which requires arbitration of:

> any and all disputes, differences, claims, causes of action, or controversies, past, present, or future, between [Hansen] and Ross – or between [Hansen] and any other Ross associate, agent, or employee – arising out of or in any way related to [Hansen's] employment with Ross, including but not limited to [Hansen's] application for employment, [Hansen's] employment with, or separation of employment from Ross, whether arising from contract (expressed or implied), torts or common law, statute (including regulations and ordinances), privacy (including statutory privacy violations of the Illinois BIPA and similar laws), public policy, constitution, or any other legal theory.

*See* Todd Decl. ¶ 3, Ex. A.

Crucially, the agreement further provides the arbitration is to be held "in the geographic area where [Hansen] last worked for Ross," absent a subsequent mutual agreement to conduct it virtually. *Id.* Hansen does not suggest there was any such subsequent agreement for virtual arbitration.

"An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974). Absent circumstances not present here, such agreements are to be enforced. *Id., see also, Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 7 (1972). Hansen effectively concedes her "employment claims" are subject to the arbitration agreement. Hansen, however, attempts to distinguish her claims under the Unruh Act, California Civil Code § 51.5, and Title III of the Americans with Disabilities Act, which she insists arise from a "post-termination consumer ban," by which Ross purported to bar her from shopping at any of its stores, nationwide.

United States District Court
Northern District of California

United States District Court
Northern District of California

Hansen's allegations that she has been "banned as a consumer" fall within the arbitration agreement. She specifically alleges the ban resulted from information she "voluntarily disclosed in an effort to address workplace taunting," and/or was imposed "because of her disability." Complaint, paras. 17-18. Hansen's contention that these claims are somehow "distinct from the employment relationship" is therefore without merit.

Whether this action *must* be arbitrated is not presently before the court. Because a district court cannot compel arbitration outside the confines of its district, "a Rule 12(b)(3) motion to dismiss for improper venue, rather than a motion to stay or to compel arbitration, is the proper procedure to use when the arbitration clause requires arbitration outside the confines of the district court's district." *Pollara v. Radiant Logistics Inc*.), 2012 WL 12887094, at \*6 (C.D. Cal. Mar. 20, 2012).

Pursuant to 28 U.S.C. § 1406(a), where a case has been brought in the wrong venue, the court shall dismiss, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Under the circumstances here, the interests of justice support transferring this case to the Southern Division of the United States District Court for the District of Idaho, without prejudice to such determinations as it may make regarding the enforceability of the arbitration agreement and its applicability to plaintiff's claims.

**IT IS SO ORDERED**.

Dated: February 26, 2026

_____
RICHARD SEEBORG
Chief United States District Judge